## WEAVER v. ROGERS.

A claim can not be available by way of set-off at law unless it is a debt upon which the defendants could maintain an action at law against the plaintiffs.

Where one of two partners has paid his private debt to the plaintiffs with the funds of the firm, the two partners can not avail themselves of the sum so paid by way of set-off in an action at law brought by the plaintiffs to recover a debt due from the firm to the plaintiffs.

ASSUMPSIT, to recover a balance claimed to be due the plaintiffs for goods sold and delivered, to which the defendants, Rogers & Batchelder, pleaded the general issue with a set-off, including among other items a charge of $125, for cash, February 5, 1858.

At the trial it appeared that on that day, at the store of Rogers & Batchelder, Rogers took from the company safe the sum of $125, received for goods sold by them, and paid it to the agent of the plaintiffs; but whether it was paid on account of his own private debt to the plaintiffs, or for the indebtedness of Rogers & Batchelder, was the question.

The court instructed the jury that if the money was paid and received for the private debt of Rogers, and so understood by him and the plaintiffs, he could not now, in a court of law, in connection with Batchelder, recover it back by a suit in their name, or by way of set-off in this suit, even although it was so paid without the knowledge or consent of Batchelder.

The jury, having returned a verdict for the plaintiffs, the defendants moved to set it aside for supposed error in those instructions.

*I. A. Eastman,* for the defendants, cited *Rogers* v. *Batchelder,* 12 Peters 221; *Dole* v. *Holsey,* 16 Johns. 34; *Everinglime* v. *Ensmouth,* 7 Wend. 326; *Cram* v. *Caldwell,* 5 Cow. 489; *Gansevoort* v. *Williams,* 14 Wend. 133; *McKinney* v. *Brights,* 16 Penn. 399; *Brewster* v. *Mott,* 4 Scam. 378; *Shirriff* v. *Wilkes,* 1 East 48; *Morrison* v. *Blodgett,* 8 N. H. 250; *Davenport* v. *Randlett,* 3 N. H. 386; and commented upon *Greeley* v. *Wyeth,* 10 N. H. 15.

*H. P. Rolfe,* for the plaintiffs.

BARTLETT, J. Unless the defendants could have maintained an action at law against the plaintiffs for the $125, it was not available by way of set-off. Barb. Set-off 32; *Varney* v. *Brewster,* 14 N. H. 54. In such an action the two defendants must have joined to recover back the money; but as Rogers had by his own act precluded himself from any right of recovery, the joinder of Batchelder could not enable the two to maintain an action at law for their joint benefit or for the benefit of Rogers. Such an action at law could not have been sustained in the name of the two for the benefit of Batchelder, because the partnership affairs being unadjusted, his interest in the fund was joint and contingent, and could not be ascertained until an adjustment, which could not be made in a suit at law. *Fellows* v. *Wyman,* 33 N. H. 358; *Greeley* v. *Wyeth,*

10 N. H. 15; *Morrison* v. *Blodgett*, 8 N. H. 250; *Homer* v. *Wood*, 11 Cush. 62; *Jones* v. *Yates*, 9 B. & C. 532; Story Part., sec. 238; Collyer Part., sec. 643; 2 Greenl. Ev., sec. 480. The effect of the principal cases cited by the defendants is so fully considered in the decisions to which we have referred, that we do not deem it necessary to reëxamine them. There must be

*Judgment on the verdict.*